Mr. Schmidt. Thank you, Your Honors, and good morning. I apologize, Judge Roper, I'm not sure this microphone is going to stay high enough. You can raise the podium. Oh, can I? May it please the Court, my name is Wick Schmidt, and I represent Hedeen International, LLC, doing business as Fun City, USA. I'm going to start off by addressing a fairly straightforward procedural question that's been disputed by opposing counsel in their brief, that is, the meaning of Rule 12 with respect to when one has to raise the defense of lack of jurisdiction over the person. Actually, that's the only issue in the case. Yes. Right? There are several different takes on that issue, but I want to start talking about the rule first, and then we'll get into some of the case law as well. Okay. Rule 12A1A1 states that a response of pleading has to be filed within 21 days after service on the defendant. Actually, it says an answer has to be served within 21 days. An answer, okay. An answer has to be served. I think there's a reference earlier on to a response of pleading as well. So then Rule 12B says that a motion asserting the defense of lack of personal jurisdiction, quote, must be made before pleading if a response of pleading is allowed, end quote. The clear import of those two provisions taken together is that if you're going to file a motion asserting the defense of lack of personal jurisdiction, you have to do so within 21 days, that is, before you answer. Well, the 21-day limit in Rule 12A applies to response of pleading such as answers, but the waiver provision of 12H seems to make it clear that a defense may be asserted either in a response of pleading or in a motion. What language applies a 21-day limit to motions as opposed to response of pleadings? Again, I would say that's the interplay between Rule 12A1A1 and Rule 12B. So Rule 12B tells us that a motion asserting the defense has to be made, quote, before pleading if a response of pleading is allowed, end quote. Rule 12A1A1 says the response of pleading has to be filed within 21 days of service. So if I have to file my response of pleading within 21 days of service and I have to file my motion before I file my response of pleading, I must have to file my motion within 21 days of service. Why is that? Yeah. Because it... It nowhere says that the opportunity to file a motion based on personal jurisdiction or any of the other grounds in 12B is foreclosed if an answer is just not filed. So again, we'll... The answer has to come before the answer. That's all. And the answer has to come within 21 days. So if... All right. But what... In this fact pattern that we have here or procedural history of the case, an answer was never filed. And the motion came after the time to file the answer expired. The failure to file the answer gave rise to a right to ask the court to enter a default, but it had no implications for motion practice. Right. So here, the defendant had... The time for filing an answer had expired and the answer had to be... The motion had to be filed before the answer. So if the time for filing the answer had expired, logically the time for filing the motion... But the rule doesn't really state that, is the problem. Not in so many words, but logically it means that. But the problem is it has to say it in so many words. I think if you look at... I'm sorry. I... Go ahead, Judge. No, no, no. I was just breathing. Go ahead. So implicit in all this, again, is that the motion would have to be timely. And the court held in the... This court held in both the Giotis and the Blockowitz case that a motion to dismiss for lack of personal jurisdiction has to be timely filed. One of the cases cited by opposing counsel in the briefs both below and in this court is the mobile anesthesiologist case. This case is inapposite for a couple different reasons. First, if you look at the Blockowitz case in this court, the court makes clear there that there are two ways to waive the defense of lack of personal jurisdiction. The first is to fail to timely assent... I'm sorry, fail to timely assert the defense. Or the second is to engage in litigation on the merits of the case. The mobile anesthesiologist case involved the latter of those two scenarios where there was no indication that the defendant had failed to timely assert the defense, but the plaintiff argued vigorously that the defendant had waived the defense by participating in the case on the merits. The issue was specifically that the defendant had requested an adjournment or a continuance of a hearing on a motion for preliminary injunction and had requested some expedited discovery in the case as well. And this court held that those sorts of participation fell well short of what was necessary to waive the defense of lack of personal jurisdiction. Well, what did Mr. Cummings do here to suggest that he was assenting to personal jurisdiction? He was properly served and he had counsel. While he obviously had notice of the case and he spent a number of months arguing over the service issue, it was only after the court ruled that he had in fact been properly served and indeed that he appeared to be. How can his resistance to service be construed as assenting to the court's jurisdiction? Well, again, this goes back to really the timeliness argument here that I think... Right, that's why I suggested at the top of the argument that that's really the only issue in the case. And I guess it's our position, fairly straightforward as to that, that if the rule says you have to answer within 21 days and you have to file a motion to dismiss for failure to have personal jurisdiction before you answer, logically that implies that you have to file that motion within 21 days. But you can see that the rule as it pertains to motion practice has no time limitation other than it's got to come before your answer. The only words are yes, it has to come before your answer. Right, but if you never file an answer, then there are no implications for motions practice. Well, if you never file an answer... Other than those in the case law that talk about waiver by assent, conduct that assents to the court's jurisdiction. Yeah, I guess if one never filed an answer at some point, the court is probably going to enter a default judgment. Right, which could have happened in this case, but it was never requested. Because Judge Griesbach doesn't tend to grant those sorts of things. You could have asked. One can always ask, I suppose. Proceeding on, to finish up on the mobile anesthesiologist case, their defense was timely assertive and the question was only whether it was weighed in by participation of litigation. The court held that it was not in the facts there. There's a second issue that's raised as well in opposing counsel's brief as to whether the fact that you can challenge personal jurisdiction on a Rule 60 motion or collaterally means that it doesn't necessarily imply that the defense can't be waived prior to entry of judgment. There are several problems, I think, with this argument. Roy Cummings had two choices here. He could either, one, timely appear and assert the defense, or two, he could default and place his faith in either a Rule 60 motion or a collateral attack in another court when the dean went to enforce the judgment. In this case, he chose neither. He chose rather to wait, to challenge the issue of service of process, not by filing a motion on that issue, but by arguing back and forth in letters between counsel, and then to, only when the court ruled against him on that issue and found that he was purposefully in faithful service, then to come in and, at that point, for the first time, challenge in the court the issue of personal jurisdiction. If the court is to ignore the actual facts here, this is not an unrepresented person who, you know, all of a sudden was certain that someone's a complaint out in Oregon, doesn't know what to do, ends up with a judgment against him in Wisconsin, and has to wonder, how do I now get out of this? This is a sophisticated individual who has counsel in Oregon. He has counsel for his companies here in Wisconsin. He made a decision to handle this not by making a timely appearance and filing a motion to dismiss, but rather by arguing the issue of service back and forth between counsel. After substantial time had passed and substantial expense had been incurred on both sides, when the district court rules against him, he changed his course here. If you hold incumbents' favor, you're just simply going to encourage and condone that sort of behavior rather than requiring people timely to assert their defenses when they can do so. Another case in the field that I'd like to discuss with the court is the insurance company Ireland case, which makes clear that personal defense, including personal jurisdiction, can be waived involuntarily by failure to comply with the rules of civil procedure. In other words, a voluntary submission, contrary to what's been asserted by opposing counsel, a voluntary submission by words or by conduct to the jurisdiction of the court is not necessary to constitute a waiver of the defense of lack of personal jurisdiction. In the insurance company of Ireland, the defendants were out of the London insurance companies, I believe, that had contested the issue of personal jurisdiction and contaminated the discovery order. The district court held that based on the failure to comply with its discovery order, the defense of lack of personal jurisdiction was waived, and the Supreme Court upheld that on appeal, holding that failure to comply with the rules waived the defense. I see that my time is up. Thank you, counsel. Mr. Sonsmeis? Good morning. May it please the court, I'm Jonathan Sonsmeis, and I represent the appellee Peter Cummings. The appellant in this case would have this court read a time restriction into Rule 12H that does not exist in the text of the rule itself. And I think Judge Sykes focused in on the issue of what really is at stake in this case. It's a question of what is timely. And when we look at the rule itself, all that we see is that a motion must be filed prior to an answer. And that's exactly what... How many other circuit courts have weighed in on this issue? Your Honor, we have a decision as it relates to a motion for change of venue from the Ninth Circuit, which holds in our favor that there's no 21 or, in that case, 20-day requirement that would apply on the filing of a motion under Rule 12B. Is that advantageous to have the Ninth Circuit hold your weight? Your Honor, I'll decline comment on the merits of the decision of the Ninth Circuit. In any event, Chief Judge Griesbach... The right answer was yes. Chief Judge Griesbach, in deciding Mr. Cummings' motion to dismiss, which was both for lack of sufficient service and personal jurisdiction, decided in applying this Court's recent precedent in the mobile anesthesiologist case from 2010, that nothing that Cummings had done in the suit on the merits and nothing that he had done in the case had caused the Court to waste or expend energy needlessly. There was nothing to suggest... Right. That case has to do with the waiver-by-conduct, litigation-conduct doctrine. And Mr. Schmidt is asking us to promulgate a waiver-by-untimeliness doctrine by way of a waiver-by-untimeliness doctrine. So why is that wrong? Your Honor, the text of the rule would say otherwise. To be timely, under Rule 12, all a defendant must do is file and serve a motion to dismiss for lack of personal jurisdiction prior to serving an answer. Under your interpretation, if raising a lack of personal jurisdiction in a motion as opposed to responsive pleading, is there any time limit at all as to when that motion may be filed? There's no time limit set, Your Honor, in the rules itself. So it would behoove then, I guess, the plaintiff in the case. We've heard arguments concerning the need to move proceedings along at an early stage. There is the option, as Judge Sykes has noted, for a plaintiff to seek a default judgment by petition to the Court in the event that a defendant has not answered within the time permitted. Mr. Schmidt said in his brief that the treatises point in different directions on this question. Is that a fair characterization? Your Honor, Wright and Miller are in our favor, and in our view of Rule 12, there was another authority cited, which seems to cut the other direction. Is that meaningful? I don't think so, Your Honor. I think Wright and Miller recognize authority in reviewing these rules and would call this an overly rigid interpretation of Rule 12. The text itself doesn't dictate such a result, and therefore we think a timely motion is one simply made prior to the answer. Again, a plaintiff can always seek a default judgment in any event if there is no answer filed within the time permitted. And there are other cases in which, and this gets in more to the waiver by conduct issue, but some of the other cases cited, the Continental Bank case versus Meyer, for example. There were two and a half years of discovery that was conducted, motions filed, and that's not what we have here. We have here a notice of appearance filed less than three months after Chief Judge Griesbach decided the service issue. We have a motion filed on that same day. I would like to ask the plaintiff, or the appellant, Matthew, to suggest that Cummings would do anything other than challenge service in personal jurisdiction. Unless any of your honors have any additional questions, I will. Judge Rovner, anything further? No, thank you very much. Thank you, counsel. I will be extremely brief. The court sees that our position stands or falls in our reading of Rule 12. Either you agree with our logic or you don't, and on that basis we're content to abide by the decision of the court. Thanks again to both counsel. The case will be taken under advisement.